**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>CHRYSSOULA ARSENIS,<br><br>Defendant. | Civil Action No. 22-1596 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Bank of America, N.A.'s ("Bank of America") Motion to Remand. (ECF No. 4.) Defendant Chryssoula Arsenis ("Arsenis") opposed (ECF No. 5), and Bank of America did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Bank of America's Motion.

**I.   BACKGROUND**

This case stems from Arsenis's past-due credit payments owed to Bank of America. (*See generally* Notice of Removal, ECF No. 1.) In November 2020, Bank of America commenced this action in state court, alleging that Arsenis breached her contractual agreement with Bank of America. (*See generally* Compl.) On July 16, 2021, Bank of America served Arsenis with the Complaint. (*Id.*) Eight months later, in March 2022, Arsenis filed a notice of removal. (*See generally* Notice of Removal; Pl.'s Moving Br. 1, ECF No. 4-3.) Bank of America now moves the Court to remand the action to state court, contending that removal was improper. (ECF No. 4.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co v. Jenkins*, 305 U.S. 534, 537 (1939)).

## III. DISCUSSION

Arsenis alleges that removal was proper because Bank of America "misrepresent[ed] the enforceability of the debt," in violation of federal law. (Notice of Removal ¶ 3.) Bank of America contends that the reasons for remand are straightforward: (1) the well-pleaded complaint does not

raise a federal question; and (2) Arsenis removed well past the thirty-day period under 28 U.S.C. § 1446(b)(1). (Pl.'s Moving Br. 2-3.) The Court agrees and concludes that remand is appropriate.

To begin, the Complaint solely alleges state law claims, thus the Court may not exercise federal question jurisdiction. Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For removal to be proper on the basis of federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Voltz v. Somerset Cnty. Jail*, No. 20-13695, 2021 WL 1986459, at *2 (D.N.J. May 18, 2021) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)). It is a bedrock principle that for a case to arise under federal law, the well-pleaded complaint must contain a question arising under federal law. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Here, the Complaint raises a breach of contract claim, which is governed by state law and does not invoke federal question jurisdiction. *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310 (3d Cir. 1994) (finding that breach of contract claims will not raise a federal question). Arsenis contends that there is a federal question because "[Bank of America] is a national bank existing under the law of the United State of America." (Def.'s Opp'n Br. *3, ECF No. 5.) But Bank of America's mere status as a national bank fails to confer jurisdiction on the Court through a federal question. Instead, the proper inquiry is whether the matter *at hand* arises under federal law. It does not.

Second, Aresenis's removal of this case was untimely. The removal statute requires that a notice of removal be filed within 30 days of the defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir.

3

2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one."). Here, Arsenis was served with the Complaint in July 2022 but waited until March 2022, eight months later, to remove this matter. (*See generally* Notice of Removal.) This far exceeds the thirty-day limit. *Oparaji v. Innovate 1 Servs., Inc.*, No. 18-8668, 2018 WL 4922367, at *1 (D.N.J. Aug. 2, 2018); *see also Bissell v. Saga Glob. Cap. Mgmt., LLC*, No. 20-7393, 2020 WL 7210024, at *2 (D.N.J. Aug. 17, 2020) (remanding when defendant filed notice of removal 31 days after receipt of offer of judgment). Arsenis asserts that subject matter jurisdiction can be challenged at any time and thus her removal was timely. (Def.'s Opp'n Br. *15.) But that is inaccurate, and this argument is without merit. Indeed, by removing to federal court, Arsenis does not challenge subject matter jurisdiction, but instead, attempts to divest the state court of proper jurisdiction. At bottom, Arsenis's removal was untimely and the matter is subject to remand.[1]

### IV.   CONCLUSION

For the foregoing reasons, the Court grants Bank of America's Motion. An appropriate order will follow.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] While not asserted in the Notice of Removal, in opposition, Arsenis asserts that complete diversity exists. (*See* Def.'s Opp'n Br. 11.) The Court, however, finds diversity jurisdiction lacking because the amount in controversy does not exceed $75,000. (Compl. ¶ 6 ("The current Account balance is $6,060.12, which includes any applicable payments and credits."); *see* 28 U.S.C. § 1332(a) (requiring the amount in controversy to exceed $75,000 to establish diversity jurisdiction).)

4